1

2

3

4

5

U.S. COMMODITY FUTURES TRADING COMMISSION
Timothy J. Mulreany
Chief Trial Attorney
Maryland Fed. Bar No. (08262)
David A. Reed
Senior Trial Attorney
Florida Bar No. (277315)
Division of Enforcement
1155 21st Street, NW
Washington, D. C. 20581
(202) 418-5000

07-CV-01185-CMP

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

CASE NO:   C 07-1185 RSL

| | |
|---|---|
| U. S. COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH CLARK LAVIN, a.k.a. JOSEPH IVCEVIC,<br>GLOBAL ASSET PARTNERS, LTD a.k.a. GLOBAL ASSET PARTNERS, LLC,<br>GLOBAL CURRENCY TRADING GROUP, LLC, and<br>GLOBAL CURRENCY TRADING FUND, LLC<br><br>Defendants, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

*Order*
PAGE 1
*U.S. Commodity Futures Trading Commission vs. Joseph Clark Lavin, et al.*

CFTC
*Timothy J. Mulreany, Esq.*
*1155 21st Street, Washington, DC*
*(202) 418-5306*

1  v.  )
2  REBECCA LAVIN, WENDY ANDERSON, and )
   PROSPERITAS INTERNATIONAL )
   CREDIT UNION )
3  )
   )
4  Relief Defendants. )
5  _____ )

## ORDER OF PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF AS TO DEFENDANTS JOSEPH CLARK LAVIN, GLOBAL ASSET PARTNERS, LTD. aka GLOBAL ASSET PARTNERS, LLC, GLOBAL CURRENCY TRADING GROUP, LLC, AND GLOBAL CURRENCY TRADING FUND, LLC

I.

### INTRODUCTION

On August 1, 2007, Plaintiff, U. S. Commodity Futures Trading Commission ("Commission"), filed its Complaint in this civil action against Joseph Clark Lavin, a.k.a. Joseph Ivcevic ("Lavin"), Global Asset Partners, Ltd. a.k.a. Global Asset Partners, LLC ("GAP"), Global Currency Trading Group, LLC ("Global Group"), Global Currency Trading Fund, LLC ("Global Fund") (hereinafter the "Defendants" or specifically named), and others for alleged violations of the Commodity Exchange Act, as amended ("Act"), 7 U.S.C. § 1 et seq. (2002), and Commission Regulations promulgated thereunder ("Regulations"), 17 C.F.R § 1.1 et seq. (2006). The Complaint seeks a permanent injunction, the disgorgement of ill-gotten gains, repayment to injured customers, and an award of civil monetary penalties. The Commission has filed a Motion for Summary Judgment ("Motion") as to each of the Defendants. The Court finds the Motion has merit, and for the reasons set forth more fully herein, the Court will grant the Motion.

*Order*
PAGE 2
*U.S. Commodity Futures Trading Commission vs. Joseph Clark Lavin, et al.*

CFTC
*Timothy J. Mulreany, Esq.*
*1155 21st Street, Washington, DC*
*(202) 418-5306*

## II.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court, being fully advised in the premises, finds that there is good cause for the entry of this Order and that there is no just reason for delay. The Court therefore directs the entry of Findings of Fact, Conclusions of Law and a permanent injunction and equitable relief, pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2002), as set forth herein.

### A. FINDINGS OF FACT

**The Parties**

12. Plaintiff Commodity Futures Trading Commission is an independent federal regulatory agency that is charged with responsibility for administering and enforcing the provisions of the Act, 7 U.S.C. §§ 1 et seq. (2002), and the Regulations promulgated thereunder, 17 C.F.R. §§ 1 et seq. (2006).

13. Defendant Joseph Clark Lavin a.k.a. Joseph Ivcevic, resided at 14321 160th Ave NE, Woodinville, Washington 98072, and is currently a federal inmate. Lavin is the manager of GAP, the manager of Global Fund, and the manager and president of Global Group. Lavin directed and controlled all of the corporate Defendants' respective business operations from his home in Woodinville, Washington. Lavin has never been registered with the Commission in any capacity.

14. Defendant Global Asset Partners, Ltd a.k.a. Global Asset Partners, LLC, is purportedly an International Business Corporation ("IBC") formed under the laws of the Federation of St. Christopher and Nevis ("Nevis"), that is managed and controlled by Lavin from his home in Woodinville, Washington, although it purports to operate from "offices" in Nevis. Lavin has opened trading accounts in GAP's name, and has identified himself as an officer of

*Order*
PAGE 3
*U.S. Commodity Futures Trading Commission vs. Joseph Clark Lavin, et al.*

CFTC
Timothy J. Mulreany, Esq.
1155 21st Street, Washington, DC
(202) 418-5306

1  GAP. GAP has never been registered with the Commission in any capacity.

2  15. Defendant Global Currency Traders Fund, LLC is a limited liability company

3  organized under the laws of the State of Washington that is owned, operated and managed by

4  Lavin from his home in Woodinville, Washington. Global Fund has never been registered with

5  the Commission in any capacity.

6  16. Defendant Global Currency Trading Group, LLC is a limited liability company

7  organized under the laws of the State of Washington on or about December 1, 2000, whose

8  purported address is 701 5th Avenue, Suite 4200, Seattle, Washington 98104. In fact, Global

9  Group is operated from Lavin's home in Woodinville, Washington. Global Group is solely

10 owned and managed by Lavin. Lavin has held himself out as the "president" of Global Group,

11 and controlled the transfer of Global Group's funds through various domestic and off-shore

   accounts. Global Group has never been registered with the Commission in any capacity.

12 **The Fraudulent Scheme**

13 17. Beginning on or about January 2001 and continuing to through January 2007 (the

14 "relevant period"), the Defendants misappropriated customers' funds and used false and

15 misleading representations and omissions to solicit retail customers throughout the United States,

16 Canada, France and Panama, among other places, to buy and sell foreign currency ("forex")

17 option contracts. As a consequence of the Defendants' fraudulent solicitations and

18 misappropriation, the Defendants' scheme defrauded customers of $11,703,028.93 during the

   relevant period.

19
20 18. The Defendants solicited members of the general public to open forex option

21 trading accounts. The Defendants misappropriated customer funds by taking one per cent (1%)

   per month of all money invested by customers, as an "Introducing Broker referral" or commission

22

*Order*
PAGE 4
*U.S. Commodity Futures Trading Commission vs. Joseph Clark Lavin, et al.*

CFTC
*Timothy J. Mulreany, Esq.*
*1155 21st Street, Washington, DC*
*(202) 418-5306*

fee, for each month a customer had an open account with the Defendants. Because this "commission" was never agreed to by customers, nor disclosed to customers, it was in reality the misappropriation of customers' funds by the Defendants.

19. Lavin, his undisclosed agent(s), GAP, Global Group and Global Fund also made materially false and misleading representations and omitted material facts in sales solicitations to prospective and existing customers via the use of agents, Internet websites, personal solicitations, and presentations at seminars.

### The Offer and Sale of Forex Option Contracts

20. On or about January 14, 2002, GAP, through Lavin, entered into a written "Managed Trading Account Agreement" ("Managed Agreement") with Midland Euro-Exchange, Inc ("Midland"), a company purportedly organized in, and operating out of, Barbados. Midland has never been registered in any capacity with the Commission. During the relevant period, Midland was not affiliated with any Commission registrant.

21. The Managed Agreement states that Midland will manage GAP's funds, with a minimum investment of $100,000. The Defendants took in customers' funds, placed these funds in accounts held in the name of GAP, and then wire transferred these funds to Midland. Although the Managed Agreement was not signed until January 14, 2002, as early as January 14, 2001 the Defendants began sending customers' funds to Midland to be traded. Notably, there was no information in the "Managed Agreement" describing what type of compensation Midland would earn as GAP's manager.

### Misappropriation

22. On or about August 21, 2002, Global Group, through Lavin, entered into a written "Agent Agreement" (the "Agent Agreement") with Midland. The Agent Agreement states

*Order*
PAGE 5
U.S. Commodity Futures Trading Commission vs. Joseph Clark Lavin, et al.

CFTC
*Timothy J. Mulreany, Esq.*
1155 21st Street, Washington, DC
(202) 418-5306

that Global Group "wishes to be an Agent to Midland for the purpose of submitting investor Clients to Midland who wishes (sic) to invest into an International Currency Exchange entity, known as the Forex (sic) markets, for the purpose of generating profits for the client."

23.     Under the caption "Compensation to Agent," the Agent Agreement further provides in pertinent part:

> "The Parties agree that the commissions to be paid the Agent, shall be paid on all transactions that are consummated where the Agent has made an introduction of Client to Midland and had performed with Midland the due diligence to bring the Agent's Client into a successful commission. The compensation shall be as follows:
>
> A.1.    The compensation to be paid to the Agent shall be one percent (1%) of the Agent's Client's invested monthly amount."

24.     Lavin has testified that at approximately the same time Global Group entered into the Agent Agreement, GAP entered into a similar agreement with Midland, whereby Midland agreed to pay the same "commission" to GAP.

25.     As noted above, the Defendants took 1% monthly of the balance on the customers' funds yet failed to disclose that fact to the customers. Instead, the Defendants represented that their compensation would only be drawn after customers received their "targeted return amount." Because the trading activity in the Defendants' accounts with Midland consistently resulted in losses, the Defendants should never have received any compensation under the terms of their agreements with customers. Because the "commissions" paid to the Defendants by Midland were never agreed to by customers, nor disclosed to them, it was a misappropriation of customers' funds.

**Fraudulent Statements and Omissions**

26.     During the relevant period, the Defendants solicited, through the Internet

*Order*
PAGE 6
U.S. Commodity Futures Trading Commission vs. Joseph Clark Lavin, et al.

*CFTC*
*Timothy J. Mulreany, Esq.*
*1155 21st Street, Washington, DC*
*(202) 418-5306*

1  websites www.globalassetpartners.net and www.gctg.net, as well as via personal solicitations, the
2  use of agents, and presentations at seminars, members of the general public to open forex option
3  trading accounts. During the relevant period, the Defendants induced over 60 customers to invest
4  more than $11,703,028.93 to buy and sell forex options contracts.

27.     During the relevant period, Lavin and other agents of the Defendants made material, false and misleading representations and omitted material information in sales solicitations to potential and actual customers via their Internet websites, personal solicitations, the use of agents, and presentations at seminars by, inter alia:

(a) Failing to disclose that the Defendants employed solicitors to tout the Defendants' investments by claiming that they were "friends" of Lavin, falsely claiming that they had invested funds and earned profits from such investments, and failing to inform customers that these undisclosed agents were paid a commission by the Defendants for each customer who ultimately invested with the Defendants;

(b) Falsely representing in both solicitations and later in written customer account statements, that customer funds earned profits of 2.5% per month or greater;

(c) Falsely representing that the corporate Defendants conducted their respective business operations from offices in Nevis and/or Seattle, Washington, when in fact, they were operated and controlled by Lavin from his home in Woodinville, Washington.

(d) Failing to disclose that the Defendants misappropriated one per cent (1%) per month of all money invested by customers with Midland, as an "Introducing Broker referral" or commission fee, for each month a customer had an open account with the Defendants;

(e) Falsely representing that the Defendants would manage customers funds and holding themselves out as "Professional Forex Managers," when in fact, the Defendants were not experienced financial managers and pooled investors' funds and sent the funds to an unregistered offshore commodity trading advisor for it to trade;

**False Reports and Statements**

28.     After customers deposited their funds with the corporate Defendants, these funds were transferred to Midland. Midland would then deposit the funds into accounts opened in the name of GAP and/or Global Group, and purportedly use these funds to buy and sell options on

*Order*
PAGE 7
U.S. Commodity Futures Trading Commission vs. Joseph Clark Lavin, et al.

*CFTC*
*Timothy J. Mulreany, Esq.*
1155 21st Street, Washington, DC
(202) 418-5306

forex commodity futures contracts.

29. Midland sent monthly statements to Lavin showing the option contracts purportedly bought and sold on the Defendants' behalf, the options contracts that had expired, and the purported value of the Defendants' accounts. Lavin testified that he would use the Midland statements to arbitrarily determine the purported "value" of each of GAP's, Global Group's and Global Fund's customers' accounts, and send customers an account statement reflecting this amount chosen by Lavin.

30. At all times relevant hereto, Lavin knew that neither the Defendants nor Midland were actually trading customer funds.

31. The Defendants issued the monthly account statements to customers during the relevant period. These statements were issued on GAP letterhead, purportedly from the Nevis address listed at the top of the statement. In fact, the statements were sent from Lavin's home in Woodinville, Washington. The account statements detailed the amount of funds contributed by the customer and also showed the monthly "profits" earned. The account statements falsely stated that the customers had earned 2.5% interest profit or greater, per month. These statements were false because they did not accurately represent the monthly profits earned by customers, since the customers rarely - if ever - earned any actual profits.

32. These monthly customer account statements also omitted material information, including but not limited to: the failure to disclose that each month a 1% "Introducing Broker referral" or "commission" was misappropriated by the Defendants for each month the account was opened, that the purported earnings were false, and that agents were paid a commission for each customer they brought to the Defendants, which was paid from customer funds.

Order
PAGE 8
U.S. Commodity Futures Trading Commission vs. Joseph Clark Lavin, et al.

CFTC
Timothy J. Mulreany, Esq.
1155 21st Street, Washington, DC
(202) 418-5306

**Lavin Controlled the Corporate Defendants**

33.     During the relevant period, Lavin was the sole manager of GAP. Lavin was the sole manager and president of Global Group, and the sole manager of Global Fund at the time he entered into the agreements with Midland and opened bank accounts for the corporate Defendants both in the United States and offshore.

34.     As the corporate officer and manager of GAP, Global Fund and Global Group, Lavin exercised control over the day-to-day business operations of the corporate Defendants, and was the signatory on the respective Global Fund and Global Group bank accounts. Lavin directed the wire transfer of customer money into and out of these accounts, and transferred customer money to Midland. Lavin opened trading accounts for the corporate Defendants, directed the flow of customer funds into and out of these accounts, and signed contracts on behalf of the corporate Defendants. Lavin exercised daily control over all of the corporate Defendants' business operations. Lavin was also responsible for the content of the websites used by the corporate Defendants to further their scheme: www.gctg.net and www.globalassetpartners.net. Lavin is identified on these websites as the manager of GAP and the president of Global Group.

35.     Lavin is Global Group's registered agent, president, and sole manager. Lavin also signed Global Group's "Limited Liability Company Operating Agreement" as its sole manager and member, and filed the document with the Office of the Secretary of State of the State of Washington.

36.     Lavin regularly corresponded, e-mailed, and conducted phone calls with officials at Midland and the various banks where the corporate Defendants held bank accounts. He determined when wire transfers were to be issued, specifying the amount of each wire, the person or entity to whom the wire transfer was to be made,

Order
PAGE 9
U.S. Commodity Futures Trading Commission vs. Joseph Clark Lavin, et al.

CFTC
Timothy J. Mulreany, Esq.
1155 21st Street, Washington, DC
(202) 418-5306

1 and the bank and account number to which the funds were to be transferred. When
2 questions arose as to whether a wire transfer had been made correctly or if Midland had
3 paid the correct commission, Lavin would make inquiries to officials at Midland and
4 the various banks for clarification. If the wrong party had been specified in a wire
5 transfer request, Lavin would either correspond with or telephone bank officials
6 concerning the error, and provide bank officials with directions as to how he wanted
7 the error resolved.

8   37.   In his dealings with officials at Midland and the various banks, Lavin used a
9 variety of e-mail addresses, phone numbers and fax numbers, all of which are listed to addresses
10 in the State of Washington, including Lavin's home in Woodinville, Washington as well as a
11 purported business address in Seattle, Washington. Lavin, as the signatory on the Defendants'
12 bank accounts and the manager in charge of all of the Defendants' business operations, was
13 responsible for all transfers of customers' funds into and out of the United States, as well as the
14 transfer of customer funds to the Relief Defendants. He also sent e-mails to Midland to check on
15 the status of his "commission" payments, personally confirmed the wire transfer of customer
  funds to Midland and its banks, and directed the transfer of customer funds between the
16 Defendants' accounts at Midland and the Defendants' bank accounts.

17   **Lavin was the Agent of the Corporate Defendants**

18   38.   In the present case, the agent-principal relationship is clear and direct. According
19 to Lavin, he is the founder, president, sole manager and/or only officer of the corporate
20 Defendants. Lavin acted on behalf of these corporate Defendants, by, among other things,
21 operating websites that solicited the public to establish managed accounts with the corporate
22 Defendants and issuing false and misleading account statements on the letterhead of the corporate

*Order*
PAGE 10
*U.S. Commodity Futures Trading Commission vs. Joseph Clark Lavin, et al.*

*CFTC*
Timothy J. Mulreany, Esq.
1155 21st Street, Washington, DC
(202) 418-5306

1 Defendants.

2   39.   The customer funds solicited by Lavin through the websites and otherwise were directed to and deposited in corporate Defendants' bank accounts controlled by Lavin.

**B.   Conclusions of Law**

40.   This Court has jurisdiction over this action pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2002), which authorizes the Commission to seek injunctive relief against any person whenever it shall appear that such person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation or order thereunder.

41.   This Court has personal jurisdiction over the Defendants.

42.   Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e) (2002), in that the Defendants are found in, inhabit, or transact business in this district, and the acts and practices in violation of the Act have occurred, are occurring, or are about to occur within this district, among other places.

43.   By the conduct described in Part II A above, Lavin violated Section 4c(b) of the Act, 7 U.S.C. § 6c(b) (2002), and Commission Regulations 1.1, 32.9(a), (b) and (c), 17 C.F.R. §§ 1.1, 32.9(a), (b), and (c) (2005), in that, in or in connection with offers to enter into, or the confirmation of the execution of, commodity option transactions, he cheated or defrauded or attempted to cheat or defraud customers or prospective customers and deceived or attempted to deceive customers or prospective customers by, among other things: misappropriating customers' funds, issuing false account statements to customers, misrepresenting the likelihood that customers will profit from the trading of commodity options and failing to disclose that no trading of customers' funds was actually taking place.

*Order*
PAGE 11
U.S. Commodity Futures Trading Commission vs. Joseph Clark Lavin, et al.

CFTC
Timothy J. Mulreany, Esq.
1155 21st Street, Washington, DC
(202) 418-5306

44. Because the acts and omissions of Lavin that constitute violations of Section 4c(b) of the Act, 7 U.S.C. § 6c(b) (2002), and Commission Regulations 1.1, 32.9(a), (b) and (c), 17 C.F.R. §§ 1.1, 32.9(a), (b) and (c) (2006), were done within the scope of Lavin's employment, Defendants GAP, Global Group and Global Fund are each liable for those violations pursuant to Section 2(a)(1)(B) of the Act, 7 U.S.C. § 2(a)(1)(B) (2002).

45. Lavin, as the officer and/or manager of the corporate Defendants, directly and indirectly controlled the corporate Defendants and their employees and did not act in good faith or knowingly induced directly or indirectly, the acts and omissions constituting the corporate Defendants' employees' violations of Section 4c(b) of the Act, 7 U.S.C. § 6c(b) (2002), and Commission Regulations 1.1, 32.9(a), (b) and (c), 17 C.F.R. §§ 1.1, 32.9(a), (b) and (c) (2006), and Lavin is therefore liable for these violations pursuant to Section 13(b) of the Act, 7 U.S.C. § 6c(b)(2002).

## III.

## ORDER FOR EQUITABLE RELIEF

**IT IS HEREBY ORDERED** that:

46. Defendants Lavin, GAP, Global Fund and Global Group are permanently restrained, enjoined, and prohibited from, directly or indirectly, cheating or defrauding or attempting to cheat or defraud other persons and willfully deceiving or attempting to deceive other persons by making false, deceptive or misleading representations of material facts, by making false statements, by failing to disclose material facts, and by misappropriating customer funds in or in connection with orders to make, or the making of, contracts of sale of any option on commodities for future delivery, made or to be made for or on behalf of any other person in violation of violation of Section 4c(b) of the Act, 7 U.S.C. § 6c(b) (2002), and Regulations

*Order*
PAGE 12
*U.S. Commodity Futures Trading Commission vs. Joseph Clark Lavin, et al.*

*CFTC*
*Timothy J. Mulreany, Esq.*
*1155 21st Street, Washington, DC*
*(202) 418-5306*

1. 1.1(b)(2), and 32.9(a), (b) and (c), 17 C.F.R. §§ 1.1(b)(2), and 32.9(a), (b) and (c) (2006).

47. Defendants Lavin, GAP, Global Fund and Global Group are permanently restrained, enjoined, and prohibited, directly or indirectly, from directly or indirectly engaging in any activity related to trading in any commodity, as that term is defined in Section 1a(4) of the Act, 7 U.S.C. § 1a(4) ("commodity interest"), including but not limited to, the following:

   A. Trading on or subject to the rules of any registered entity, as that term is defined in Section 1a(29) of the Act, 7 U.S.C. § 1a(29);

   B. Engaging in, controlling, or directing the trading of any commodity interest accounts for or on behalf of any other person or entity, whether by power of attorney or otherwise;

   C. Soliciting or accepting any funds from any person in connection with the purchase or sale of any commodity interest contract;

   D. Placing orders or giving advice or price quotations, or other information in connection with the purchase or sale of commodity interest contracts for himself and others;

   E. Applying for registration or claiming exemption from registration with the CFTC in any capacity, and engaging in any activity requiring such registration or exemption from registration with the CFTC, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. §4.14(a)(9), or acting as a principal, agent, officer or employee of any person registered, required to be registered, or exempted from registration, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9); and

   F. Engaging in any business activities related to commodity interest trading.

48. The injunctive provisions of this Order shall be binding upon Defendants Lavin, GAP, Global Fund and Global Group and any person insofar as he or she is acting in the capacity of officer, agent, servant, or attorney of Defendants Lavin, GAP, Global Fund and Global Group and any person who receives actual notice of this Order by personal service or otherwise insofar as he or she is acting in active concert or participation with Defendants Lavin, GAP, Global Fund and Global Group, as provided in Fed. R. Civ. P. 65(d).

*Order*
PAGE 13
*U.S. Commodity Futures Trading Commission vs. Joseph Clark Lavin, et al.*

*CFTC*
*Timothy J. Mulreany, Esq.*
*1155 21ˢᵗ Street, Washington, DC*
*(202) 418-5306*

## IV.

## RESTITUTION, DISGORGEMENT, CIVIL MONETARY PENALTY, AND ANCILLARY RELIEF

**IT IS FURTHER ORDERED THAT:**

49. The Defendants comply fully with the following terms, conditions and obligations relating to the payment of restitution, the payment of a civil monetary penalty, and the payment of disgorgement. The equitable relief provisions of this Order shall be binding upon the Defendants and any person who is acting in the capacity of officer, agent, employee, servant, or attorney of the Defendants, and any person acting in active concert or participation with the Defendants and those equitable relief provisions that relate to restitution shall be binding on any financial institutions listed herein or holding frozen funds or assets of the Defendants, who receives actual notice of this Order by personal service or otherwise.

### A. RESTITUTION AND DISGORGEMENT

50. On or about November 1, 2007, Lavin was criminally indicted in the U. S. District Court for the Western District of Washington for money laundering and wire fraud in *United States of America v. Joseph C. Lavin*, Case No.:CR07-366 RAJ (W.D. WA). Lavin ultimately entered a guilty plea, and he was committed to the custody of the United States Bureau of Prisons for a term of 54 months. In addition to his term of imprisonment, he was ordered to pay $11,612,538.55 in victim restitution.

51. As Lavin admitted in his criminal plea to the appropriate amount of restitution owed to defrauded customers, the Court finds $11,612,538.55 to be the appropriate amount of restitution to be entered herein. The Defendants' obligation to pay restitution begins upon the date of entry of this Order.

*Order*
PAGE 14
U.S. Commodity Futures Trading Commission vs. Joseph Clark Lavin, et al.

*CFTC*
Timothy J. Mulreany, Esq.
1155 21st Street, Washington, DC
(202) 418-5306

**B.   CIVIL MONETARY PENALTY**

52. Good cause exists for the imposition of a civil monetary penalty ("CMP") upon each of the Defendants.

53. Pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2002), and Regulation 143.8(a)(1)(i), 17 C.F.R. § 143.8(a)(1) (2006), this Court may impose an order directing each Defendant to pay a CMP, to be assessed by the Court, of not more than the greater of: triple the monetary gain to the Defendant; or $120,000 for each violation of the Act and Regulations described herein on or before October 22, 2004 and $130,000 for each violation of the Act and Regulations described herein on or after October 23, 2004.

54. In determining the amount of the civil penalty to be paid by the Defendants, the Court has considered the egregiousness, duration, and scope of the fraud and misappropriation.

54. A proper showing having been made, and accordingly the Defendants shall pay, jointly and severally, a CMP in the amount of $11,612,538.55, plus post-judgment interest (the "CMP Obligation").

55. Each Defendant shall pay the CMP upon entry of this Order. Post-judgment interest shall accrue beginning on the day after the date of entry of this Order and will be calculated by using the Treasury Bill rate prevailing on the date of entry of this Order pursuant to 28 U.S.C. § 1961.

56. Defendants shall pay the CMP Obligation by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order. If payment is to be made by other than electronic funds transfer, the payment shall be made payable to the Commodity Futures Trading Commission and sent to the address below:

*Order*
PAGE 15
*U.S. Commodity Futures Trading Commission vs. Joseph Clark Lavin, et al.*

CFTC
*Timothy J. Mulreany, Esq.*
*1155 21st Street, Washington, DC*
*(202) 418-5306*

>       Commodity Futures Trading Commission
>       Division of Enforcement
>       ATTN: Marie Bateman – AMZ-300
>       DOT/FAA/MMAC
>       6500 S. Macarthur Blvd.
>       Oklahoma City, OK 73169
>       Telephone: 405-954-6569

If the payment is to be made by electronic funds transfer, Defendants shall contact Marie Bateman or her successor at the above address to receive payment instructions and shall fully comply with those instructions. The paying Defendant shall accompany their payment of this CMP Obligation with a cover letter that identifies the paying Defendant and the name and docket number of this proceeding. The paying Defendant shall simultaneously transmit copies of the cover letter and the form of payment to (a) the Director, Division of Enforcement, Commodity Futures Trading Commission, 1155 21st Street, NW, Washington, D.C. 20581, and (b) the Chief, Office of Cooperative Enforcement, Division of Enforcement, at the same address.

C.   **PRIORITY OF MONETARY SANCTIONS AND PARTIAL PAYMENTS**

57.  All payments by the corporate Defendants pursuant to this Order, and all payments by Lavin, shall first be applied to satisfaction of the Restitution Obligation, consistent with the authority granted the Monitor in Part IV.C., above. After satisfaction of the Restitution Obligation, payments by Defendants pursuant to this Order shall be applied to satisfy Defendants' CMP Obligation. Defendants shall receive full credit herein for the payment of any criminal restitution in *United States of America v. Joseph C. Lavin*, Case No.:CR07-366 RAJ (W.D. WA).

58.  Any acceptance by the Commission and/or Monitor of partial payment of the Restitution Obligation and/or CMP Obligation shall not be deemed a waiver of the Defendants' respective requirements to make further payments pursuant to this Order, or a waiver of the Commission's and/or Monitor's right to seek to compel payment of any remaining balance.

*Order*
PAGE 16
*U.S. Commodity Futures Trading Commission vs. Joseph Clark Lavin, et al.*

CFTC
*Timothy J. Mulreany, Esq.*
*1155 21st Street, Washington, DC*
*(202) 418-5306*

V.

## MISCELLANEOUS PROVISIONS

59. Notices: All notices required to be given by any provision in this Order shall be sent certified mail, return receipt requested, as follows:

Notice to Commission:

Director of Enforcement
Commodity Futures Trading
Commission
1155 21st Street N.W.
Washington, DC 20581

Timothy J. Mulreany
Division of Enforcement
Commodity Futures Trading
Commission
1155 21st Street N.W.
Washington, DC 20581

Notice to Defendants:

David A. Nold, Esq.
Nold & Associates, PLLC
10500 NE 8th Street, Suite 930
Bellevue, Washington 98004
(425) 289-5555

60. Continuing Jurisdiction of this Court: This Court shall retain jurisdiction of this cause to assure compliance with this Order and for all other purposes related to this action.

There being no just reason for delay, the Clerk of the Court is hereby directed to enter this Order of Permanent Injunction and Other Equitable Relief.

**ORDERED AND ADJUDGED:**

**DONE AND ORDERED** in Chambers at Seattle, Washington, this 9th day of Sept., 2008.

_____
Robert S. Lasnik
United States District Judge

cc: All counsel and pro se parties of record

Order
PAGE 17
U.S. Commodity Futures Trading Commission vs. Joseph Clark Lavin, et al.

CFTC
Timothy J. Mulreany, Esq.
1155 21st Street, Washington, DC
(202) 418-5306